UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAMS INTERNATIONAL CO., LLC,

        CASE NO. 04-71385
   Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

BAE SYSTEMS AIRCRAFT CONTROLS INC.
and ECLIPSE AVIATION CORPORATION,

   Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 21, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant BAE System's Aircraft Control's (hereinafter, "BAE") April 22, 2004 Motion to Vacate. Plaintiff Williams International (hereinafter, "Williams") has responded and Defendant has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Vacate is DENIED.

## II. BACKGROUND

**A. Facts**

Plaintiff Williams and Defendant BAE entered into a Master Agreement on May 16, 2000. Under the Master Agreement, BAE promised to provide avionics equipment for a twin engine jet known as the Eclipse 500 (hereinafter, the "Jet"). Williams promised to pay the costs and fees associated with the avionics equipment so that it could meet its obligation under a separate contract to supply Defendant Eclipse Aviation Corporation (hereinafter, "Eclipse") with the engines for the Jet. Also under the Master Agreement, Williams was granted the right to assign its performance to Eclipse. If this right to assign was exercised, BAE would provide the avionics equipment for the Jet directly to Eclipse.

On March 26, 2001, Williams provided BAE with an Assignment Notice, notifying BAE that it was assigning "all of its rights and obligations" under the Master Agreement to Eclipse. It specifically stated: "All references to Williams shall be substituted with Eclipse Aviation Corporation..." At the time, BAE did not object to the terms of the assignment.[1]

In 2003, a pricing dispute arose between BAE and Eclipse under the Master Agreement. After BAE and Eclipse failed to resolve the dispute, BAE filed a demand for arbitration on March 17, 2004. In its demand, BAE named both Eclipse and Williams as respondents and alleged that Eclipse owed it $8.5 million on the Master Agreement, with Williams being secondarily liable as the assignor.

---

[1] Williams and BAE dispute the implications of the Assignment Notice. Williams believes that it constituted a novation releasing it from all its obligations under the Master Agreement. BAE believes that there was no novation, and that Williams remains liable under the Master Agreement as the assignor.

Williams filed the present Complaint for Declaratory Relief in federal court on April 14, 2004.  By its Complaint, Williams disputes its liability to BAE as well as its subjection to arbitration.  On May 28, 2004, BAE filed its Motion to Dismiss or Stay Pending Arbitration.  Eclipse filed a similar motion on June 2, 2004.  On September 28, 2004, the Court granted BAE's and Eclipse's respective motions to stay, and the dispute was sent to arbitration before arbitrators Patricia J. Boyle (former Justice of the Michigan Supreme Court and former United States District Court Judge), Eugene Driker, and Lawrence R. Abramczyk.

Before the arbitration panel (hereinafter, "the Panel"), Williams moved for summary disposition, arguing that there was clearly a novation of the Master Agreement.  The Panel agreed with Williams, finding that there was a novation of the Master Agreement and that Williams was absolved from any liability.  Accordingly, the Panel granted Williams' motion for summary disposition.

By the present motion, BAE requests that this Court vacate the Panel's decision under the Federal Arbitration Act.

### III. LEGAL STANDARD

A district court reviews an arbitrator's award under a very narrow standard of review.

> Arbitration as a means of dispute resolution is highly favored and courts have long refrained from involving themselves in the merits of an arbitration award. When the grievance procedure has been exhausted, the courts have nothing left to do but enforce the award. Courts are bound by the arbitrator's findings of fact and do not function as appellate courts or courts of review, but serve only to enforce the arbitrator's award. When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence.

*Lattimer-Stevens Co. v. United Steelworkers of America, AFL-CIO*, 913 F.2d 1166, 1169 (6th Cir.

1990) (citations omitted). Additionally, "[t]he Federal Arbitration Act presumes that arbitration awards will be confirmed." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citations omitted).

A district court may vacate an arbitration panel's award if it is made in "manifest disregard of the law." *See Merrill Lynch v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995). This standard is met if "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Id*. Even where rules are "clear in the abstract, differences of opinion can and do arise in application." *Id*. "[E]ven a misapplication of well defined and explicit legal principles does not constitute manifest disregard." *Id*.

## IV.  ANALYSIS

BAE offers two arguments why the Panel's award should be overturned as being in "manifest disregard of the law." First, BAE argues that the Panel erroneously applied the wrong standard for summary judgment and that BAE should have been allowed to proceed with discovery. Second, BAE argues the Panel erred in failing to follow the Sixth Circuit case, *Imperial Hotels v. Dore*. The Court rejects both arguments.

**A. The Panel did not Manifestly Disregard the Law in Granting Summary Judgment Prior to Discovery**

BAE argues that the Panel manifestly disregarded Michigan law in granting summary judgment prior to discovery. BAE asserts that it is "entitled" to discovery, and that under Michigan law, "a motion for summary disposition is [generally] premature if granted before discovery on a disputed issue is complete." *Stringwell v. Ann Arbor Public Sch. Dist.*, 262 Mich. App. 709, 714, (2004). Furthermore, summary disposition is only appropriate prior to the close of discovery if

4

"there is no reasonable chance that further discovery will result in factual support for the non-moving party." *Colista v. Thomas*, 241 Mich. App. 529, 538 (2000).

While BAE's statement of Michigan law is correct as to *court* proceedings, BAE has failed to show that this law applies with equal force to *arbitration* proceedings. Parties have a right to discovery under the Michigan Court Rules, but such a right does not exist for arbitration proceedings. Under the American Arbitration Association's (hereinafter, "AAA") Commercial Arbitration Rules, discovery is only available "[a]t the request of any party or at the discretion of the arbitrator . . . ." AAA's Commercial Arbitration Rule 21.

The Panel concluded that Williams' submitted sufficient evidence to establish a novation and that BAE failed to rebut this evidence. Panel's Order Granting Summary Disposition, at 3-4. Regardless of whether the Panel's conclusion was correct, it was not in manifest disregard of the law to deny BAE discovery. There is no right to discovery in an arbitration proceeding. Additionally, Michigan law's summary disposition standards are not clearly established as to arbitration proceedings. Accordingly, the Court concludes that the Panel did not manifestly disregard the law in granting summary disposition prior to discovery.

**B. The Panel did not Manifestly Disregard the Law in Failing to Follow *Imperial Hotels v. Dore***

BAE next argues that the Panel manifestly disregarded the law when it failed to follow *Imperial Hotels v. Dore*, 257 F.3d 615 (6th Cir. 2000). BAE cites *Imperial Hotels* for the proposition that "unless a writing conclusively shows a creditor's intent to permit assumption and grant release, summary judgment is inappropriate because a trier of fact must determine from all the facts and circumstances whether the creditor intended to release the original debtor." *Id.*, at 624. BAE argues that, despite being extensively briefed on *Imperial Hotels* by both parties, the Panel did

5

not even cite the case, and that the Panel relied on insufficient evidence to support a novation. The Court rejects BAE's argument based on three independent reasons.

First, the Court may only vacate the Panel's decision if it finds that the Panel manifestly disregarded a clearly defined legal principle. *See Merrill Lynch v. Jaros,* at 421. *Imperial Hotels* is a Sixth Circuit case which offers its interpretation of Michigan law. The Court cannot say that the legal principle of *Imperial Hotels* has been clearly established as Michigan law so as to bind the Panel.

Second, the holding of *Imperial Hotels* is more limited than BAE's brief would suggest. The Court stated its ruling this way: "we hold that a Michigan court would deny summary judgment on the question of novation when the party urging novation relies on a written statement of bare consent to an assumption and on the surrounding circumstances." *Imperial Hotels*, 257 F.3d at 624. In granting Williams' motion for summary disposition, the Panel did not only rely on the Master Agreement's assignment clause. The Panel explained: "the Assignment Notice provided by Williams to BAE advises BAE that Williams' rights and obligations to BAE are being assigned to Eclipse and that Eclipse is being substituted for Williams." Panel's Order at 5. The Panel viewed the substitution of Eclipse for Williams as written evidence of a release of Williams' obligations under the Master Agreement. Accordingly, it did not disregard the holding of *Imperial Hotels*.

Lastly, the Court cannot read the Panel's failure to cite *Imperial Hotels* as being manifest disregard for this case. "Arbitrators are not required to explain their decisions. If they choose not to do so, it is all but impossible to determine whether they acted with manifest disregard for the law." *Dawahare v. Spencer*, 210 F.3d at 669. "If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed." *Merrill Lynch v. Jaros*, 70 F.3d

at 421.

In the present case, it is plausible that the Panel did consider *Imperial Hotels* and simply applied it differently than BAE would. Applying *Imperial Hotels* would have required the Panel to decide whether a writing "conclusively showed" a novation. The Panel explained various reasons why it believed there was written evidence of a novation.[2] It is not the Court's role to review the Panel's reasons because "even a misapplication of well defined and explicit legal principles does not constitute manifest disregard." *Merrill Lynch v. Jaros*, 70 F.3d at 421. Accordingly, the Court finds that the Panel did not manifestly disregard the law.

## V. CONCLUSION

For the above reasons, the Court HEREBY DENIES Defendant BAE's Motion to Vacate and CONFIRMS the arbitration panel's award.

IT IS SO ORDERED.

> s/Lawrence P. Zatkoff
> LAWRENCE P. ZATKOFF
> UNITED STATES DISTRICT JUDGE

Dated: June 21, 2005

---

[2] "First, the Agreement itself contemplates a possible subsequent-to-execution substitution of Eclipse for Williams because it states, in one of its recitals on page 1, that Williams is developing the aircraft "on behalf of Eclipse" and, in Section 22.5 further states that Williams is permitted to assign performance of the contract to Eclipse without having to procure BAE's prior consent. Moreover, the Assignment Notice provided by Williams to BAE advises BAE that Williams' rights and obligations to BAE are being assigned to Eclipse and that Eclipse is being <u>substituted</u> for Williams. Similarly, a post-assignment letter from Eclipse to BAE states that the Agreement was "novated to Eclipse" at the time of the assignment, and BAE's August 19, 2003 letter to Eclipse advises Eclipse that it stands in breach of the agreement "between BAE Systems and Eclipse. In summary, the parties' intent to novate is satisfied by the referenced passages in the foregoing documents, as well as in others presented by Williams." Panel's Order, at 5.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 21, 2005.

s/Marie E. Verlinde  
Case Manager  
(810) 984-3290

S:\Zatkoff\Marie ECF\04-71385.williams.bae.vacate.wpd